MATTER OF WARRACH

In Section 316(b) Proceedings to Preserve
Residence for Naturalization Purposes

A-20614277

*Decided by Regional Commissioner March 16, 1979*

An Application to Preserve Residence for Naturalization Purposes under section 316(b)
of the Immigration and Nationality Act, 8 U.S.C. 1427(b), does not lie, and will be
denied, where the employing corporation (which is incorporated in the United States)
is the subsidiary of a foreign parent corporation which holds over 51 percent of its
stock. Under these circumstances, the employing corporation is not an American
corporation, but a foreign corporation, having the nationality of the majority
stockholders.

ON BEHALF OF APPLICANT:  D. G. Reese, Manager
                         Foreign Transfer Programs
                         Mobay Chemical Corporation
                         Parkway West
                         Pittsburgh, Pennsylvania 15205

This case is before us on appeal from the decision of the District
Director, Philadelphia, Pennsylvania, dated October 13, 1978, denying
the appellant's Application to Preserve Residence for Naturalization
Purposes under 316(b) of the Immigration and Nationality Act, 8
U.S.C. 1427(b). The application was denied upon the ground that the
appellant was not employed by an American firm or corporation,
within the meaning of section 316(b) of the Act.

Upon appeal, the appellant does not take issue with the basis of the
Philadelphia District Director's denial order but urges, instead, that
the appellant's absence from the United States is necessary to the
protection of certain corporate property rights located abroad of the
American subsidiary of the foreign parent corporation which employs
the appellant.

The appellant became a lawful permanent resident alien of the
United States on November 12, 1974. He has resided in the United
States for an uninterrupted period of at least 1 year from that date. He
has been employed by the Mobay Chemical Corporation of Pittsburgh,

Pennsylvania, since November 1973. Mobay Chemical Corporation was incorporated under the laws of the State of New Jersey on October 1, 1971. The corporation is a wholly-owned subsidiary of Bayer A.G. of West Germany. The appellant was sent to the parent company in Germany on October 1, 1978, to develop European markets for a product developed by his American-based employer. His overseas employment will necessitate his presence in Germany from October 1, 1978, to September 30, 1980. Pursuant thereto, the appellant submitted an Application to Preserve Residence for Naturalization Purposes, Form N-470, on May 23, 1978, under the provisions of section 316(b) of the Act. The application was denied by the Philadelphia District Director on October 13, 1978, and this appeal results.

Section 316(b) of the Act[1] requires an alien, if he wishes to preserve residence for naturalization purposes, to have been physically present and residing in the United States, after being lawfully admitted for permanent residence, for an uninterrupted period of at least 1 year prior to his employment abroad. His employment in this connection must be by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof more than 50 percent of whose stock is owned by an American firm or corporation. The appellant must establish, therefore, that he has complied with this statutory requirement if he is to obtain extended absence benefits covering his employment abroad by the Mobay Chemical Corporation at the Bayer A.G. in Germany from October 1, 1978, to September 30, 1980.

The Immigration and Naturalization Service has previously held that when it is shown that 51 percent or more of the stock of the employer corporation is owned by a foreign firm, such firm is a "foreign

---

[1] *Sec. 316(b).*

Absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship ... shall break the continuity of such residence except that in the case of a person who has been physically present and residing in the United States after being lawfully admitted for permanent residence for an uninterrupted period of at least one year and who thereafter, is employed ... by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof more than 50 per centum of whose stock is owned by an American firm or corporation ... no period of absence from the United States shall break the continuity of residence if—

(1) prior to the beginning of such period of employment (whether such period begins before or after his departure from the United States), but prior to the expiration of one year of continuous absence from the United States, the person has established to the satisfaction of the Attorney General that his absence from the United States for such period is ... to be engaged in the development of such foreign trade and commerce.....

corporation" within the meaning of section 316(b).[2] The fact that a firm is incorporated under the laws of a state of the United States does not necessarily determine that it is an American firm or corporation. The nationality of such firm would be determined by the nationality of those persons who own more than 51 percent of the stock of that firm. Since that principal stockholder of Mobay Chemical Corporation is Bayer A.G., a German corporation, the American-based subsidiary must be considered a foreign corporation for purposes of preservation of residence under section 316(b) of the Act. Accordingly, it must be concluded that the appellant's application does not come within the purview of section 316(b).

Based upon the foregoing, the appellant has not complied with the specific statutory requirement that an alien who seeks to preserve residence for naturalization purposes under section 316(b) must establish that he is employed by an American firm or corporation. There is no provision of law or regulations which permits a waiver of this requirement. It is, therefore, concluded that the action of the Philadelphia District Director in denying the application to preserve residence was proper, and his decision will be affirmed.

ORDER: The decision of the District Director, Philadelphia, Pennsylvania, dated October 13, 1978, denying the application of the above named to preserve residence for naturalization purposes be and the same is, hereby, affirmed.

---

[2] *Matter of N—S—*, 7 I&N Dec. 426 (D.D. 1957; C.O. 1957).